Filed 1/19/22  P. v. Montgomery CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B311367 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA284010) |
| v. | |
| JUSTIN MONTGOMERY, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, David R. Fields, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising

Attorney General, Amanda V. Lopez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Justin Montgomery was convicted following a jury trial in 2007 of attempted murder (Pen. Code, §§ 187, subd. (a), 664),[1] assault with a semiautomatic firearm (§ 245, subd. (b)), shooting at an occupied motor vehicle (§ 246) and possession for sale or transportation of marijuana and cocaine (Health & Saf. Code, §§ 11359, 11351.5, 11352, subd. (a), 11360, subd. (a)).  Criminal street gang (§ 186.22, subd. (b)) and several firearm enhancements (§§ 12022, subd. (a)(1), 12022, subd. (c), 12022.53, subd. (b)) were found true.  We affirmed Montgomery's convictions on direct appeal but remanded for further proceedings because of error in considering a prior felony strike conviction in the absence of adjudication or an admission.  (*People v. Montgomery* (Sept. 2, 2009, B208165) [nonpub. opn.].)  On remand the trial court found the prior strike allegation to be true and reimposed the original aggregate sentence of 45 years to life.  We affirmed the judgment.  (*People v. Montgomery* (Oct. 24, 2011, B225344) [nonpub. opn.].)

On February 11, 2021 the superior court summarily denied Montgomery's petition for resentencing under section 1170.95, ruling Montgomery was ineligible for relief because he had been convicted of attempted murder, not murder.

While Montgomery's appeal was pending, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022, which

_____

[1]     Statutory references are to this code unless otherwise stated.

amended section 1170.95 to expressly include within its reach certain convictions for attempted murder and voluntary manslaughter.  In light of this new legislation, we remand Montgomery's case for the superior court to appoint counsel for Montgomery and to determine in accordance with the procedures described in section 1170.95, subdivision (c), and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) whether Montgomery has made a prima facie showing he is entitled to relief.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Montgomery's Conviction for Attempted Murder*

As described in our opinion affirming Montgomery's convictions (*People v. Montgomery*, *supra*, B208165), the evidence at trial established that Montgomery was the driver of a van under surveillance by the Los Angeles Police Department.  Saul Eady, Montgomery's codefendant, and a third man were also in the van.  As detectives monitored the van, one of them observed a person in the passenger side of the van reach out and fire four or five shots toward an alley.  Detectives went to the alley to investigate and found Curtis Muse, who admitted he had been a member of the Crips at one time.  The area where the shooting occurred was controlled by the Black P Stones, a rival Bloods gang.  Muse was uninjured, but his car had several bullet holes in it.  Muse told the detectives he had been in the driver's seat of his car at the time of the shooting.

Detectives took control of the van after it was parked and its occupants left.  From its interior they recovered a nine-millimeter semiautomatic handgun and a pump-action shotgun. Shell casings found at the shooting scene were matched to the handgun.  A substantial quantity of rock cocaine and marijuana was also found inside the van.  The People's gang expert testified

that both Montgomery and Eady were members of the Black P Stones.

The jury found Montgomery guilty of attempted murder, assault with a semiautomatic firearm, shooting at an occupied motor vehicle and possession for sale or transportation of marijuana and cocaine and found true related criminal street gang and firearm enhancements. The jury did not find true that the attempted murder had been willful, deliberate and premeditated.[2]

2. *Montgomery's Petition for Resentencing*

On August 7, 2020 Montgomery filed a handwritten petition for resentencing pursuant to section 1170.95. In his petition Montgomery declared he had been convicted at trial of "second degree attempted murder" under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of that offense because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437). He requested appointment of counsel during the resentencing process.

On February 11, 2021, after receiving an opposition memorandum from the prosecutor but without appointing counsel for Montgomery or providing an opportunity for him to file a reply, the superior court denied the petition for resentencing.[3] In its ruling the court stated, "Relief under Penal

---

[2] The jury could not reach a verdict on the charges against Eady, and a mistrial was declared as to him.

[3] As Montgomery has pointed out on appeal, the petition for resentencing was heard by Judge David R. Fields. Montgomery was originally sentenced by Judge George C. Lomeli.

Code section 1170.95 is not available to defendants convicted of attempted murder. [Citation.] Petitioner has not made a prima facie showing that he is eligible for relief pursuant to Penal Code section 1170.95."

## DISCUSSION

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *Lewis*, *supra*, 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

There was disagreement among the courts of appeal whether new section 188, subdivision (a)(3)'s prohibition against imputing malice to establish liability for murder other than in specified felony-murder cases also precluded finding a defendant guilty of attempted murder under the natural and probable consequences doctrine. Notwithstanding that conflict, all courts

Section 1170.95, subdivision (b)(1), provides, "The petition shall be filed with the court that sentenced the petitioner . . . . If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition."

5

of appeal recognized that, by its express terms, section 1170.95 as enacted by Senate Bill 1437 did not authorize a petition to vacate an attempted murder conviction.

As amended effective January 1, 2022 by Senate Bill 775, however, section 1170.95, subdivision (a), now provides, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (Italics added.)[4]

In his reply brief Montgomery argues, with the passage of Senate Bill 775, the order summarily denying his petition for resentencing should be reversed and the cause remanded with

---

[4] In an uncodified statement of its intent in enacting Senate Bill 775, the Legislature declared the legislation "(a) Clarifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. [¶] (b) Codifies the holdings of People v. Lewis (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case. [¶] (c) Reaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt. [¶] (d) Addresses what evidence a court may consider at a resentencing hearing (clarifying the discussion in People v. Lewis, supra, at pp. 970-972)." (Stats. 2021, ch. 551, § 1.)

directions to the superior court to appoint counsel and to thereafter reconsider his petition consistent with the provisions of section 1170.95 as newly amended.[5] In a supplemental letter brief filed at the request of this court, the Attorney General has agreed with Montgomery's recommendation, observing, "Because the record does not indicate whether appellant's jury was instructed on the natural and probable consequences doctrine for attempted murder, appellant may be able to establish a prima facie showing of eligibility." We agree with the request for a remand as well.

---

[5] In his opening brief Montgomery argued the superior court's summary denial of his petition without appointment of counsel violated the plain language of section 1170.95, subdivision (c), as well as his right to due process. He also argued Senate Bill 1437 applied to accomplice liability for attempted murder, not just murder, and the contrary interpretation of the legislation would violate his right to equal protection. In addition, Montgomery argued, correctly, it was error for a judge other than his original sentencing judge to have considered his petition absent any indication the original judge was unavailable. The superior court is to correct this error on remand.

The Attorney General in his respondent's brief argued any error in not appointing counsel or in judicial assignment was harmless because Montgomery was ineligible for relief as a matter of law. He also argued excluding individuals convicted of attempted murder from Senate Bill 1437's ameliorative provisions was constitutional.

7

## DISPOSITION

The postjudgment order denying Montgomery's section 1170.95 petition is reversed.  On remand the superior court is to appoint counsel for Montgomery, order the prosecutor to file a response to the petition and provide Montgomery an opportunity to file a reply, and determine whether Montgomery has made a prima facie showing that he is entitled to relief in accordance with section 1170.95, subdivision (c), as amended by Senate Bill 775.


PERLUSS, P. J.

We concur:


SEGAL, J.



FEUER, J.